UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LUCINDA H.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-347 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Lucinda H., on September 7, 2021. For the following reasons, the decision of the Commissioner is **AFFIRMED.**

*Background*

The plaintiff, Lucinda H., filed an application for a period of disability and Disability Insurance Benefits on October 24, 2019, alleging a disability onset date of March 1, 2010. (Tr. 15). The Disability Determination Bureau denied Lucinda H.'s applications initially on January 13, 2020, and again upon reconsideration on February 7, 2020. (Tr. 15). Lucinda H. subsequently filed a timely request for a hearing on February 25, 2020. (Tr. 15). Prior to the hearing, Lucinda H., through counsel, amended her alleged disability onset date to December 31, 2018, to address reported self-employment income of $9,600.00 in 2018 and to preserve the December 31, 2018 date last insured. A hearing was held via telephone on December 23, 2020, before Administrative Law Judge (ALJ) Kathleen Winters. (Tr. 15). Vocational Expert (VE) Kathleen Doehla also appeared at the hearing. (Tr. 15). The ALJ issued an unfavorable decision

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

on February 24, 2021. (Tr. 15-23). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

First, the ALJ found that Lucinda H. met the insured status requirements of the Social Security Act on December 31, 2018. (Tr. 17). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Lucinda H. had not engaged in substantial gainful activity from her alleged onset date of March 1, 2010, through December 31, 2018, her date last insured. (Tr. 17).

At step two, the ALJ determined that Lucinda H. did not have any severe impairments but did find that she had the following medically determinable impairments: status post (s/p) bilateral carpal tunnel syndrome (CTS) surgery, anxiety, depression, and attention deficit hyperactivity disorder (ADHD). (Tr. 18).

At step three, the ALJ concluded that Lucinda H., through the date last insured, did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months. (Tr. 18) Therefore, the ALJ found that Lucinda H. did not have a severe impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18).

The ALJ explained that in considering Lucinda H.'s symptoms she followed a two-step process. (Tr. 19). First, she determined whether there was an underlying physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could have been expected to produce Lucinda H.'s pain or other symptoms. (Tr. 18). Then she evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Lucinda H.'s functioning. (Tr. 18).

2

After considering the evidence, the ALJ found that Lucinda H.'s medically determinable impairments reasonably could have caused some symptomology. (Tr. 20). However, she found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20).

As a result, the ALJ found that Lucinda H.'s physical and mental impairments, considered singly and in combination, did not significantly limit her ability to perform basic work activities. (Tr. 23). Therefore, the ALJ concluded that Lucinda H. had not been under a disability, as defined in the Social Security Act, at any time from March 1, 2010, the alleged onset date, through December 31, 2018, the date last insured. (Tr. 23).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); **Moore v. Colvin**, 743 F.3d 1118, 1120–21 (7th Cir. 2014); **Bates v. Colvin**, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." **Richardson v. Perales**, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see* **Bates**, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. **Roddy v. Astrue**, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However,

"the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." ***Lopez ex rel Lopez v. Barnhart***, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. § 404.1520**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. § 404.1520(b)**. If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c)**; *see* ***Williams v. Colvin***, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. **20 C.F.R. § 404.1520(e)**. However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant

work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy.  **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see* **Biestek v. Berryhill,** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Lucinda H. has requested that the court remand this matter for additional proceedings. Her only argument on appeal is that the ALJ erred in not finding any severe impairments at Step 2.

As an initial matter, Lucinda H.'s 18-page brief contains 13 pages of standard social security boilerplate language, three pages of copied and pasted social security statutes, and only two pages of "argument." The court notes that in her argument section, Lucinda H. cites to the administrative record once and does not cite to any medical facts, findings, or opinions that support a finding contrary to the ALJ's in this case.  Underdeveloped arguments that are unsupported by appropriate authority, such as these, are generally deemed waived.  **United States v. Berkowitz**, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made it clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived …."); *see also* **Krell v. Saul**, 931 F.3d 582, 586 n.1 (7th Cir. 2019) (underdeveloped and unsupported arguments are waived), citing **Schaefer v. Universal Scaffolding & Equip., LLC**, 839 F.3d 599, 607 (7th Cir. 2016) ( "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority"); **Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.**, 419 F.3d 576, 581 (7th Cir. 2005) ("it is not our job to do the legal

research that [counsel] has omitted"); **Pike v. Colvin**, No. 09 C 4351, 2015 WL 6756264, at *3 (N.D. Ill. Nov. 5, 2015) (stating perfunctory and underdeveloped arguments in social security appeals are waived).

Lucinda H.'s argument as to the ALJ's alleged error at Step 2 is wholly incomplete and underdeveloped. As stated above, at Step 2, the ALJ is required to the addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c).** It is important to note that Lucinda H. is not arguing that the ALJ failed to complete a step 2 analysis, rather she is taking issue with the ALJ's findings at Step 2. However, what Lucinda H. seems to have overlooked is that it is her responsibility to prove that an impairment is severe. *See* **42 U.S.C. § 423(d)(5)(A)**; **Castile v. Astrue**, 617 F.3d 923, 926 (7th Cir. 2010) (*citing* **Zurawski v. Halter**, 245 F.3d 881, 885-86 (7th Cir. 2001).

In order for an impairment to be found severe, the claimant must provide more than just her own statements regarding pain or other symptoms. **§ 423(d)(5)(A)**. There "must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques…" **§ 423(d)(5)(A)**. Lucinda H. claims that her CTS and bilateral median nerve disorders are very serious medical conditions that significantly limit her physical ability to perform the basic work activities of carrying and handling. However, she does not cite to any medical records or findings to support that conclusion. Lucinda H. also argues that her pelvic organ prolapse issues significantly limit her ability to perform the basic work activities of carrying and sitting and therefore should be considered severe. Again, she does not support this with any medical records or findings.

Lucinda H.'s opinion that the ALJ erred, without a developed argument as to how the

ALJ erred, Lucina H. is asking the court to reweigh evidence, which it cannot do.

Based on the foregoing reasons, the court **AFFIRMS** the decision of the Commissioner.

ENTERED this 7th day of July, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge